The Court requires compliance with its orders and Plaintiff's delay overall in responding to the motion is unacceptable. However, in the interest of deciding cases on the merits with full information, the Court will accept the filing.

Dated: November 24, 2026
New York, New York

**SO ORDERED.**

Jennifer Rochon
**JENNIFER L. ROCHON**
**United States District Judge**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

November 23, 2026

**VIA ECF**
The Honorable Jennifer L. Rochon
United States District Judge, Southern District of New York

**Re:** ***EYM Realty of Michigan, LLC v. Mt. Hawley Insurance Company,***
**Case No. 1:26-cv-00546-JLR**
**Letter Motion Seeking Relief under Fed. R. Civ. P. 6(b)(1)(B)**

Dear Judge Rochon:

Through this Letter Motion Plaintiff EYM Realty of Michigan, LLC ("EYM") seeks relief under Fed. R. Civ. P. 6(b)(1)(B) – asking the Court to accept EYM's Response (the "Response" - ECF 66 - 68) to Defendant Mt. Hawley Insurance Company's ("Defendant") Motion for Summary Judgment (the "SJ Motion" - ECF 54 - 60) and to consider it timely.[1]

## 1. THE COURT SHOULD ACCEPT EYM'S RESPONSE TO DEFENDANT'S SJ MOTION AS TIMELY UNDER FED. R. CIV. P. 6(B)(1)(B).

As the Court will recall, on September 2, 2026 Defendant filed a letter requesting a pre-motion conference regarding Defendant's SJ Motion (the "PM Letter" - ECF 51). In the Pre-Motion Letter Defendant outlined some of the bases for the SJ Motion. On September 16, 2026 EYM responded (the "PM Response") wherein EYM summarized some of the disputed issues which would preclude summary judgment. Ultimately, on September 22, 2026 the Court allowed Defendant to file its SJ Motion – giving Defendant (who already knew the entire basis for the Motion) 30 days to file the Motion. The Order (ECF 53) only allowed EYM fourteen (14) days for a response.

Defendant then waited until the last possible day to file its SJ Motion (starting at 6:11 p.m.) and supporting documents (ECF 54 - 60). EYM then had 14 days to go through the 46 separate documents (totaling 824 pages) that Defendant filed, synthesize the information and prepare a response.

At that time EYM's counsel (the "Undersigned") was recovering from a Covid-like virus, which meant that the Undersigned was trying to play "catch up" for other matters on which he fell behind while ill. Thus, concerned about not being able to complete EYM's response within the 14 days that the Court allowed, on November 2, 2026, on behalf of EYM, the Undersigned moved for an extension until November 30, 2026 for EYM to file the response. Defendant agreed to stipulate to an extension until November 13, 2026 (due to not wanting to work on a reply over the week prior to Thanksgiving) and the Court extended the deadline to that date (ECF 63).

[1] Defendant's Reply asserts, in a parenthetical, that the Response "should be stricken" (ECF 69 at 4). Defendant did not move for that relief even though Fed. R. Civ. P. 7(b)(1) provides that "[a] request for a court order must be made by motion." If the Court considers Defendant's request, it should be denied for the reasons stated in this Letter Motion.

The Undersigned made herculean efforts to attempt to comply with the Court's extended November 13, 2026 deadline. However, when it became apparent that the Response was likely not going to be able to be filed on time, on November 12, 2026 the Undersigned filed a "Second Letter Motion", ECF 64, seeking a one-business day extension (until November 16, 2026) to file the Response.

The Undersigned was especially concerned because the Undersigned, who observes the Jewish Sabbath that starts shortly before sunset on Friday, was not going to have the "entire" Friday to complete and proofread EYM's response before filing, given that his office closes early on Fridays during the "winter" period when the Sabbath commences before 5:00 p.m. Defendant did not object to the Second Letter Motion and, as of Friday afternoon, the Court had not ruled on the Motion.

The Undersigned continued to work on the response until approximately 3:30 p.m. on Friday, November 13, 2026 when he had to stop to prepare for the Sabbath, which began at 4:53 p.m. Barring a life and death emergency (where, under Jewish law, desecration of the Sabbath is required) the Undersigned does not desecrate the Sabbath for any reason.

After the Sabbath concluded at 6:23 p.m. on Saturday, the Undersigned checked his email and discovered that, at 5:35 p.m. on Friday (after the Sabbath had already commenced) the Court denied the Second Letter Motion seeking leave to file the SJ Response by Monday, November 16th (ECF 65). Thus, the Undersigned picked up where he left off on Friday and, several hours later, completed filing the Response at 11:15 p.m. (ECF 66 - 68) – less than 24 hours after it was due -- two days before the date requested in the Second Letter Motion. See Sandweiss Declaration, Exh. A.

Fed. R. Civ. P. 6(b)(1)(B) provides that the Court "may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." In the context of a bankruptcy proof of claim filed after the deadline, the Supreme Court examined the concept of "excusable neglect" stating:

> the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include, as the Court of Appeals found, the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (internal citation omitted).

"[A]n application for the enlargement of time under Rule 6(b)(1) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Kernisant v. City of New York*, 225 F.R.D. 422, 431 (E.D.N.Y. 2005) (citation omitted). The Second Circuit also has a "strong preference for resolving disputes on the merits." *New York v. Green*, 420 F.3d 99, 104 (2nd Cir. 2005).

Applying these principles to this case favors allowing the late filing as:

a) there was absolutely no prejudice to Defendant who filed its Reply within the time allowed by the Court;
b) the delay was less than 24 hours, over a weekend, which did not and will not affect the proceedings;
c) the delay was solely caused because the Undersigned observes the Jewish Sabbath and, after working diligently throughout the days and nights before the response was due, the Undersigned simply ran out of time to get the response filed before the Sabbath commenced.

Certainly, this constitutes "good faith" (no pun intended) and warrants consideration of the Response as timely filed so that this case can be adjudicated on the merits.

Rule 1.F of the Court's Individual Rules provides that, absent extraordinary circumstances, extension requests not made before the deadline will be denied. EYM did ask before the deadline (ECF 64), and the Court's ruling on that request was entered after the Sabbath had already commenced -- when the Undersigned could neither see it nor act on it. Respectfully, that is an extraordinary circumstance warranting relief.

Finally, as Rule 1.F of the Court's Individual Rules requires, EYM succinctly states:

1. **Original and requested dates.** As set forth above, the Court originally set EYM's response deadline as November 4, 2026 (ECF 53), and later extended it to November 13, 2026 (ECF 63). EYM asks the Court to extend the deadline to November 14, 2026 so that the Response filed on that date is considered timely.

2. **Previous requests.** EYM sought two prior extensions of time to file the Response – first to November 30th and, after the Court only gave EYM until November 13th, EYM filed its Second Letter Motion asking for an extension until November 16th.

3. **Disposition.** The Court granted the first in part (ECF 61, 63) and denied the second (ECF 64, 65). Since then Defendant filed its Reply thus mooting any prejudice to Defendant.

4. **Adversary's position.** On November 23, 2026, the Undersigned contacted Defendant's counsel, Richard Smith, regarding consent to this Motion. Defendant opposed this request without providing a reason.

For these reasons, EYM respectfully asks the Court to grant its Motion and to consider the Response timely filed so that the SJ Motion can be resolved on the merits.

Respectfully submitted,
**LEGAL SOLUTIONS GROUP, P.C.**
/s/ Stuart Sandweiss
By: STUART SANDWEISS
Attorneys for Plaintiff, *Admitted pro hac vice*
18481 W. Ten Mile Road, Suite 100
Southfield, Michigan 48075
(248) 559-2400
stuart@4LSG.com